## W. C. DAUGHERTY vs. L. B. HARRIS.

### SUPREME COURT OF TEXAS, AUSTIN TERM, 1884.

*Bill of Exceptions.*—The office of a bill of exceptions is to truly and correctly show the action of the court upon any matter or question in controversy, and in preference to any other matter in the record, will be presumed to show correctly the action of the court upon mooted points.

*Practice—Change of Venue*—When an application for a change of venue has been made in conformity with Article 1271 of the Revised Statutes, it can be defeated only by the opposite party showing that the supporting affidavits were made by parties unworthy of credit. To this, it is competent for the opposing party to introduce evidence.

Appeal from Wilson county.

*J. A. & N. O. Green and Waelder & Upson,* for appellant.

#### STATEMENT.

Suit was filed in Atascosa county, by W. C. Daugherty against John H. Slaughter, upon a debt due by Slaughter to Daugherty; service on Slaughter was made by publication, he being a non-resident of the state. At the time of filing the suit, attachment was issued against Slaughter, and levied upon thirteen hundred head of cattle and one hundred and fifty head of horses as the property of

Slaughter, the said property being in the possession of L. B. Harris, also of said county of Atascosa.

On the 24th March, 1877, Harris filed a claim to said property, and also a claim bond under the statute. Issues were made up as to the right of the property under the direction of the court; the case was tried in Atascosa county, when there was a disagreement of the jury resulting in mis-trial.

Harris then made application for change of venue supported by the affidavit of three persons. Daugherty contested the application upon the ground that the affiants were not credible persons. Upon the hearing of the application the court granted the same, and ordered that the same be sent to Wilson county. A bill of exceptions was reserved to that ruling.

June, 1881, the case was tried in the District Court of Wilson county, resulting in a verdict and judgment for Harris. The only error assigned that will be considered is that relating to the action of the court upon the hearing of the application for change of venue.

### OPINION.

The application for change of venue was contested upon the ground that those making the supporting affidavits were not credible persons.

In the order granting the change of venue, it is stated that the affidavit in support of the application as well as the counter affidavits were read and considered. But in the bill of exceptions taken to the ruling of the court upon that application, and which was duly allowed and signed by the presiding judge, it appears that plaintiff in error proposed, and offered to prove, that the affiants who made the supporting affidavits were not credible persons, which was refused, as stated in the bill, "for the reason that it was not in the discretion of the court but a matter of absolute legal right to the party presenting such affidavits for change of venue, and the court refused to hear the evidence upon the subject."

The office of a bill of exceptions is to truly and correctly show the action or ruling of the court, upon any particular question or matter, so that the action or ruling may be reviewed by the Supreme Court. Such bills are prepared with a view of preserving as part of the record, the particular action or ruling to which the exception was taken,

and must be taken and considered as truly showing that action or ruling.

The recitals in the order may have been the result of inadvertence, but those of the bill being made for the express purpose of showing what action was taken by the court upon the particular question, must be considered as correct.

Our statute provides that, "When application for change of venue is made in conformity to the requirements of the preceding article, the same shall be granted unless it appear to the satisfaction of the judge, upon proof made before him, that the persons making the affidavit are not credible persons." (Revised Statutes Art 1272.)

Commenting upon that article in *Farley* vs. *Deslande*, 58 Texas, 589, it was said : "The only issue that can be presented and inquired into, when the application is in conformity with the statute, is that of the credibility of the persons making the affidavit. If the opposite party seeks to defeat an application when it complies with the statute, he can only do so by presenting, and sustaining by evidence, the issue that the affiants are not credible persons."

Here that issue was promptly presented, and the court refused to hear any evidence whatever in support of it. Clearly that was a denial of legal right. The plaintiff in error was entitled to a hearing upon the issue, and to a finding of the court upon the evidence adduced.

True, as a general rule, such applications are addressed mainly to the discretion of the presiding judge, and the Supreme Court will not, ordinarily, revise the exercise of that discretion. Still, if it is apparent that injustice has been done, or that some legal principal has been violated, or legal right denied, and it is not clear that no injury resulted, the court ought to revise the action of the judge. And this we understand to be the effect of the decision in *San Antonio* vs. *Jones*, 28 Texas, 29, cited and relied on by defendant in error.

In this case a legal right was denied to the plaintiff in error, and we cannot say that no injury resulted therefrom. Therefore we conclude that the judgment ought to be reversed, and the case be remanded with direction that the same be retransferred to the District court of Atascosa county.

The report of tne commissioners of appeals examined, their opin-

ion adopted and the judgment reversed and the cause remanded with directions that the same be transferred to Atascosa county.

Opinion by Watts, Commissioner, adopted.